IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID D. MOLESKI,<br><br>              Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Civil No. 3:16-cv-8511 (FLW)<br><br>[Related to:Cr. No. 3:12-cr-811 (FLW)]<br><br><br>**MEMORANDUM<br>ORDER** |

**SIMANDLE, Chief Judge:**

This matter is before the undersigned Chief Judge upon two motions filed by Petitioner, David Moleski, in this petition for relief under 28 U.S.C. § 2255 presently pending before the Honorable Freda L. Wolfson, U.S. District Judge in Trenton. These motions are:

a)   Motion for Chief Judge Simandle to Remove Judge Wolfson from Petitioner's Case and Grant Immediate Dismissal and Release and Order for Actual Damages [Docket Item 12]; and

b)   Motion to Chief Judge Simandle for Bail within 72 Hours of Receipt [Docket Item 16].

While other motions by Petitioner have been filed before Judge Wolfson [see Docket Items 10, 11, and 14] pertaining to Moleski's § 2255 petition and his dissatisfaction with Judge

Wolfson, Petitioner requested that the two motions above be brought to my attention as Chief Judge.

Petitioner Moleski was tried by a jury and convicted on Counts 1-19 of a superseding indictment. Counts 1-14 alleged mail fraud in violation of 18 U.S.C. § § 1341 & 2; Count 15 alleged wire fraud in violation of 18 U.S.C. § § 1343 & 2, Count 16 alleged corruptly endeavoring to impair and impede due administration of the Internal Revenue Code in violation of 26 U.S.C. §  7212(a); and Counts 17-19 alleged the submission of false, fictitious, and fraudulent claims in violation of 18 U.S.C. § § 287 & 2.  On December 3, 2014, Judge Wolfson imposed a sentence of 54 months imprisonment on each of Counts 1-15 and 17-19 and 36 months imprisonment on Count 16, all terms to run concurrently, for a total term of 54 months.  The sentence also included supervised release for a term of 5 years, consisting of terms of 5 years on each of counts 5, 6, and 12, and terms of 3 years on each of Counts 1-4, 7-11; 13-15, and 17-19, and a term of 1 year on Count 16, all such terms to be served concurrently. A fine was imposed in the total amount of $10,000, consisting of fines of $500 on each of Counts 1-4 and 6-19, and a fine of $1,000 on Count 5.  A special assessment of $1,900 was also imposed.  (See Judgment, filed Dec. 4, 2014, Docket Item 121.)

Defendant Moleski appealed and the Court of Appeals affirmed the convictions and sentence on January 20, 2016.

(United States v. David Moleski, App. No. 14-4681 (3d Cir. Jan. 20, 2016.)

Moleski filed the present motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on November 15, 2016, which was assigned to Judge Wolfson's docket because it arises from the underlying criminal case for which she was the presiding judge.

Moleski filed a motion for emergency writ of mandamus [Docket Item 7] and a motion for immediate release [Docket Item 8] which were addressed by Judge Wolfson and denied in an Order of January 5, 2017 [Docket Item 9]. The Court's Order of January 5, 2017 also advised Petitioner Moleski of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), namely, that a § 2255 petitioner has only one opportunity to challenge his conviction and sentence, such that a § 2255 petition must include all available federal claims, and the Order extended to Moleski the options of either (a) having his pending § 2255 motion considered as his all-inclusive § 2255 motion; or (b) withdrawing the § 2255 motion and filing an amended § 2255 motion which includes all available federal claims, provided the amended all-inclusive § 2255 motion is filed within 45 days of the entry of that Order. [Id.] Meanwhile, Judge Wolfson denied the emergency motions for mandamus and for immediate release as duplicative of his § 2255

motion and premature, awaiting Petitioner's response to the Court's notice under Miller, supra. [Id.]

I will first address Mr. Moleski's "motion to remove Judge Wolfson from petitioner's case and grant immediate dismissal and release and order for actual damages." [Docket Item 12.] There is no basis in the record to assign this matter to a different judge. A § 2255 motion challenging a prior conviction and sentence within this District is assigned to the same judge who presided at the criminal case because it is a "related case" under the assignment rule, Local Civil Rule 40.1(c). That assignment properly occurred in this case, and there is no reason for me, as Chief Judge, to reassign the case from Judge Wolfson under Local Civil Rule 40.1(e). Mr. Moleski's subjective preference for a different judge does not determine reassignment. Moreover, Mr. Moleski's assertion that Judge Wolfson lacks "all the credentials required by law and the U.S. Constitution to act as an Article Three judge" [Docket Item 12 at p.1] is frivolous.

Second, Mr. Moleski's motion for bail requests release on bail due to the alleged "direct conflict of interest of Judge Freda L. Wolfson," alleging further that he is "actually innocent as a matter of law." [Docket Item 16 at p.2.] He alleges he is not a flight risk, poses no danger to the community, and needs to consult and prepare for his § 2255

4

hearing. [Id. at 3] His motion then proceeds to repeat some of the grounds and rhetoric from his initial § 2255 petition. As Chief Judge, the undersigned has no authority to review the bail determination of a fellow Article III judge. Judge Wolfson denied bail as noted above and gave Mr. Moleski the Miller notice. Mr. Moleski's options are to seek Judge Wolfson's reconsideration of denial of release or to appeal such denial to the Court of Appeals. Neither the statutes nor applicable rules create an option to seek the District Court's Chief Judge's review. Lacking authority to review such denial of release, this motion will be dismissed.

WHEREFORE, IT IS this __4th__ day of **April**, **2017** hereby

**ORDERED** that Petitioner's motion to the Chief Judge to remove Judge Wolfson from Petitioner's Case, etc., [Docket Item 12] shall be, and it hereby is, **DENIED**; and it is further

**ORDERED** that Petitioner's motion to the Chief Judge for release on bail [Docket Item 16] is **DISMISSED**.


 s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief U.S. District Judge