UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MOLESKI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 16-8511 (FLW)<br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF No. 1) and several pending motions (ECF No. 10, 11, 14, 18). It appearing that:

1.  The Court previously examined Petitioner's § 2255 Motion (ECF No. 1) and found that Petitioner did not use the habeas form supplied by the Clerk for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014), which contains the required notice pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999). The Court issued an Order providing Petitioner with the required *Miller* notice. (ECF No. 9.) The Court informed Petitioner that, in accordance with *United States v. Miller*, he could either have his pending § 2255 Motion (ECF No. 1) considered as his all-inclusive § 2255 motion, or withdraw the § 2255 Motion and file an amended timely § 2255 motion, including all available federal claims. (*Id.*) The Court also informed Petitioner that if he did not respond to the Court's Order in writing within 45 days, then the Court would consider his pending § 2255 Motion as his all-inclusive § 2255 motion. (*Id.*)

2. In that same Order, the Court also denied Petitioner's "Emergency Motion for a Petition for a Writ of Mandamus, and "Emergency Motion for Immediate Release," (ECF Nos. 7-8), finding that both motions largely reiterated the grounds for relief raised in Petitioner's § 2255 motion, and appeared to seek relief on an expedited basis. (*Id.*)

3. After the Court issued its January 5, 2017 Order, Petitioner filed additional motions. On January 25, 2017, Petitioner filed a motion titled "Request for the Judge in this Case to Certify that She is Acting Independently, and is Following 28 USC [sic] Sections 453, 454, and 455 And All Codes of Judicial Conduct." (ECF No. 10.) On that same date, Petitioner also filed a motion titled "Emergency Objection to Order on 2255 Motion and Demand for Immediate Release" (ECF No. 11). The Court will deny both motions as frivolous, as Petitioner's allegations of bias are conclusory, and he has not provided legal support for his argument that this Court is required to certify that it is acting "independently" or provide "credentials" to Petitioner upon request.[1]

4. On March 3, 2017, Petitioner submitted a motion titled "Extraordinary Writ: Pursuant to the Original Writ of Habeas Corpus in the Constitution and 28 USC [sic] Section 1651, the All Writs Act." (ECF No. 14.) That motion appears to reiterate arguments in his § 2255 Motion and seeks a "Show Cause Hearing to be Scheduled Immediately" so that Petitioner may present an "Offer of Proof" regarding his claims. (*Id.* at 5.) The Court will deny that motion as premature in light of the fact that Respondent has not yet provided a Response to the Petition.

---

[1] Petitioner cites repeatedly to *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), for the proposition that the federal judge must produce his or her "credentials" to a litigant who requests them. (*See, e.g.*, ECF No. 11, Motion at 5.) That case, however, focuses exclusively on the construction of the Federal Crop Insurance Act, §§ 503, 508(a), as amended 7 U.S.C.A. §§ 1503, 1508(a), and appears to have no relevance here.

5. On May 8, 2017, Petitioner submitted a motion captioned "Emergency Motion for Bail Reconsideration Within 72 Hours of Receipt Due to Newly Obtained Evidence an Offer of Proof and an Original Constitutional Habeas Corpus Petition." (ECF No. 18.) In that motion, Petitioner seeks his release on "bail" based on "newly discovered evidence" that allegedly requires the dismissal of the indictment in Petitioner's underlying criminal case.[2] (*Id.* at 1.) In that submission, Petitioner also appears to ask the Court to order Respondent to submit a response to his § 2255 Motion, stating that "[a]t the very least, the court should order the prosecutor to reply." (*Id.* at 1.) Referencing the Court's January 5, 2017 Order, the Petitioner also states as follows: "At the very least Petitioner has been waiting long past the 45 days the judge claimed she would wait to see if Petitioner wanted to file a new 2255. Petitioner has never received any forms or any mail whatsoever from the District Court of New Jersey, Trenton Division. . . . It is time for the prosecutor to reply." (*Id.* at 2.) Although Petitioner has not explicitly stated whether he wishes to proceed on his pending § 2255 Motion (ECF No. 1) or submit an amended motion, the Court will construe Petitioner response as a request to have the Court rule on his § 2255 Motion as filed. (ECF No. 1.) As such, the Court will Order the Respondent to file its Answer to the Original § 2255 Motion (ECF No. 1) within 45 days of the date of this Order. The Court will otherwise deny Petitioner's motion for immediate release on bail as premature in light of the fact that Respondent has not yet submitted its Response to the Motion.

**IT IS, THEREFORE**, on this 10th day of May 2017,

---

[2] This "newly discovered evidence" includes two letters from 2008, which Petitioner has attached to his motion as exhibits.

**ORDERED** that Petitioner's motions – "Request for the Judge in this Case to Certify that She is Acting Independently, and is Following 28 USC [sic] Sections 453, 454, and 455 And All Codes of Judicial Conduct." (ECF No. 10), "Emergency Objection to Order on 2255 Motion and Demand for Immediate Release" (ECF No. 11), "Extraordinary Writ: Pursuant to the Original Writ of Habeas Corpus in the Constitution and 28 USC [sic] Section 1651, the All Writs Act" (ECF No. 14), and "Emergency Motion for Bail Reconsideration Within 72 Hours of Receipt Due to Newly Obtained Evidence an Offer of Proof and an Original Constitutional Habeas Corpus Petition" (ECF No. 18) – are **DENIED** at this time for the reasons stated in this Memorandum Order; and it is further

**ORDERED** that it appears to the Court that Petitioner wishes to have his § 2255 Motion (ECF No. 1) ruled on as filed; and it is further

**ORDERED** that Respondent shall file a full and complete answer to the Motion and supporting memorandum (ECF No. 1) within 45 days of the entry of this Order; and it is further

**ORDERED** that Respondent shall raise by way of its answer any appropriate defenses that it wishes to have the Court consider, including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that the answer shall be accompanied by certified copies of all notices, opinions, documents, transcripts or recordings of any proceedings, including all documentation that may be material to the questions raised in the Motion; however, in lieu of providing certified copies, the Government may cite to the criminal docket by referencing the ECF docket entry number and the page; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Motion within 45 days after the answer is filed; and it is further

**ORDERED** that the Clerk shall send a copy of this Order to Petitioner at the address on file.

*s/Freda L. Wolfson*
Freda L. Wolfson
United States District Judge