*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MOLESKI, | : |
| Petitioner, | : Civ. No. 16-8511 (FLW) |
| v. | : |
| UNITED STATES, | : **OPINION** |
| Respondent. | : |

**FREDA L. WOLFSON, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, David Moleski ("Moleski"), is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Presently before the Court are motions by Moleski for reconsideration of all prior orders, (ECF No. 20.), and for leave to proceed *in forma pauperis*, (ECF No. 22). For the following reasons, both of these motions are denied.

## II.   BACKGROUND

Moleski filed a motion to vacate, set aside, or correct his sentence under, 28 U.S.C. § 2255, on November 15, 2016. (ECF No. 1.) Moleski seeks the vacatur of his conviction based on the purported improper enactment and consequent alleged non-existence of federal criminal laws pertaining to the Court's jurisdiction. (*See id.*) Moleski also alleges ineffective assistance of counsel, defective indictment, failure to present judicial credentials, and fraud on the court, stemming from the same alleged statutory infirmities, as well as other alleged defects as to the circumstances of his conviction. (*See id.*)

Since commencing this proceeding, Moleski has filed many applications seeking various forms of relief. On January 5, 2017, the Court issued an Order, (ECF No. 9), which advised Moleski that, under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), Moleski must assert all available federal claims in his § 2255 motion and which also denied Moleski's "Emergency Motion for a Petition for a Writ of Mandamus," (ECF No. 7), and "Emergency Motion for Immediate Release," (ECF No. 8). On May 10, 2017, this Court issued a Memorandum and Order, (ECF No. 19), which ordered respondent, the United States ("Respondent"), to respond to Moleski's initial § 2255 motion and which also denied Moleki's "Request for the Judge in this Case to Certify that She Is Acting Independently, and Is Following 28 USC Sections 453, 454, and 455 and All Codes of Judicial Conduct," (ECF No. 10), his "Emergency Objection to Order on 2255 Motion and Demand for Immediate Release," (ECF No. 11), his "Extraordinary Writ: Pursuant to the Original Writ of Habeas Corpus in the Constitution and 28 USC Section 1651, the All Writs Act," (ECF No. 14), and his "Emergency Motion for Bail Reconsideration Within 72 Hours of Receipt Due to Newly Obtained Evidence an Offer of Proof and an Original Constitutional Habeas Corpus Petition," (ECF No. 18). On November 20, 2017, the Court granted Respondent until November 29, 2017 to respond to the § 2255 motion. (ECF No. 27.)

Each of Moleski's applications for relief relied upon the same essential arguments: the purported invalidity of 18 U.S.C. §§ 3231, 4081, and 4082; failure to give petitioner allegedly required judicial credentials; alleged violations of due process during the Moleski's indictment process; and alleged violations of rules relating to judicial appointment and conduct. (*See* ECF Nos. 7, 8, 10, 11, 14, 18.) The root of Moleski's various arguments is his allegation that the alleged failure of Congress to properly enact sections of the federal criminal law mean that "any prosecution in a federal criminal case is unconstitutional." (*See* ECF No. 14 at 4–5.)

2

### III. MOTION FOR RECONSIDERATION

Moleski has now filed a "Motion for Reconsideration of All Court Orders and Judgments Due to Lack of Jurisdiction and Judicial Bias." (ECF No. 20). As in many of his prior submissions, Moleski argues that his conviction resulted from judicial bias and that all prior orders are void as a result of judicial disqualification and fraud upon the court. (*See id.*) Such duty to recuse allegedly arose from the Court's failure to find that it lacked jurisdiction over Moleski's indictment. (*See id.*)

Respondent filed no opposition to the reconsideration motion.[1]

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

---

[1] While the Court notes that the brief filed as ECF No. 28 is labeled on the docket as a response in opposition to ECF No. 20 (the reconsideration motion), that filing appears, in fact, to be an opposition to the initial motion to vacate, set aside, or correct the sentence (ECF No. 1).

In this motion, Moleski fails to make any showing that could warrant the Court's reconsideration of any of its prior orders. His motion does not establish an intervening change in law, does not rely on newly available evidence, and does not identify any clear error of law or fact. *See Max's Seafood Cafe*, 176 F.3d at 677. It is a blatant attempt to reargue issues that the Court has already addressed. Accordingly, Moleski has not shown any basis for an award of the "extraordinary remedy" of reconsideration. *See Buzz Bee Toys*, 20 F. Supp. 3d at 515.

### IV. *IN FORMA PAUPERIS* MOTION

Moleski has also submitted to the Court a motion for leave to proceed *in forma pauperis*. (ECF No. 22.) This motion consists of a one-page letter in which Moleski states that he "has no funds and no assets and relies on family and friends to occasionally send funds for commissary." (*Id.*) Respondent has not opposed this motion.

Under Local Civil Rule 81.2, a prisoner pursuing relief by way of a § 2255 motion who seeks to proceed *in forma pauperis* must submit

> an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.

L. Civ. R. 81.2(b). The rule further requires that any such application be made by way of court forms. *Id.*

Moleski's motion does not include any certification of an authorized officer of the institution where he is incarcerated and there is no indication of the balance of his prison account. Furthermore, he failed to seek *in forma pauperis* using the proper court forms. Consequently, his motion for leave to proceed *in forma pauperis* is denied without prejudice.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration of all prior orders, (ECF No. 20), is DENIED.  Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 22), is DENIED without prejudice, and the Clerk is directed to send Petitioner a blank form application to proceed *in forma pauperis* by a prisoner in a habeas corpus case, form DNJ-Pro Se-007-B-(Rev. 09/09).  An appropriate order will be entered.


DATED:  February 1, 2018                                    /s/ Freda L. Wolfson
                                                                              FREDA L. WOLFSON
                                                                              United States District Judge