# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MOLESKI, | : |
| Petitioner, | : Civ. No. 16-8511 (FLW) |
| v. | : |
| UNITED STATES OF AMERICA, | : **MEMORANDUM OPINION** |
| Respondent. | : |

**FREDA L. WOLFSON, U.S.D.J.**

  Petitioner *pro se*, David Moleski ("Moleski" or "Petitioner"), was a federal prisoner when he commenced this proceeding by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Moleski sought to vacate his conviction and obtain immediate release based various arguments stemming from his theory that most of Title 18 of the United States Code was never properly enacted into law. (*See* ECF No. 1.) Moleski also makes various arguments claiming that grand jury process leading to his indictment was fatally defective. (*See id.*) Moleski has additionally demanded that I produce various documents to prove that I am, in fact, a duly appointed judge under Article III of the United States Constitution. (*See id.*)

  To grant relief on a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, the Court must find that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Moleski does not meet this standard.

  Moleski's central argument, that 18 U.S.C. § 3231 and other sections of Title 18 do not exist because they were never properly enacted, has been repeatedly rejected by the Court of Appeals for the Third Circuit as "unbelievably frivolous." *See In re Moleski*, 695 F. App'x 55,

56 (3d Cir. 2017); *United States v. Moleski*, 578 F. App'x 87, 88 (3d Cir. 2014), *cert. denied Moleski v. United States*, 135 S. Ct. 974 (2015); *In re Moleski*, 546 F. App'x 78, 78–79 (3d Cir. 2013). Indeed the Third Circuit has previously noted that "[t]he validity of § 3231 has been affirmed by every court to address it." *United States v. Penwell*, 455 F. App'x 181, 183–84 (3d Cir. 2011) (collecting cases). The Third Circuit has also found Moleski's argument that I lack required judicial credentials to be frivolous. *In re Moleski*, 695 F. App'x at 56. The Court sees no reason to depart from the Third Circuit's assessment of these issues, nor to devote any further analysis to these facially frivolous contentions.

This Court previously considered Moleski's arguments regarding alleged defects with his grand jury indictment in deciding a pretrial motion. *See United States v. Moleski*, Crim. A. No. 12-811, ECF No. 60, at 14–15. I then concluded, "Defendant fails to show any particularized need for the disclosure of grand jury proceedings, let alone a dismissal based upon grand jury abuses by the Government." *Id.* at 15. I noted that "[n]one of these bases have merit since Defendant has failed to substantiate these purported allegations with any cogent evidence." *Id.* While Moleski's § 2255 motion includes substantial briefing on this issue, it still incorporates no evidence of any deficiency. Nor does Moleski make any argument showing why this Court's finding prior to trial should be considered erroneous. Accordingly, he has not shown any violation of his constitutional rights that renders his conviction vulnerable to collateral attack.

Each of Moleski's various arguments arise from frivolous theories rejected already. Thus, his petition is denied on its merits.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a § 2255 proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 28 U.S.C. § 2255(d). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). In this case, the Court denies a certificate of appealability because jurists of reason would not find it debatable that Moleski has failed to make a substantial showing of the denial of a constitutional right.

For the foregoing reasons, Moleski's petition is denied. Furthermore, all pending motions in this action (ECF Nos. 33, 35, 38, & 39) are terminated. An appropriate order will be entered.

DATED: February 4, 2019 /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge